**STATE of Missouri, Respondent,**

v.

**John Madison BRAME, Appellant.**

**No. 57026.**

Supreme Court of Missouri,
Division No. 2.

Oct. 9, 1972.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

Gary C. Clifton, Kansas City, for appellant.

STOCKARD, Commissioner.

John Madison Brame was charged as a Second Offender with obtaining money by use of a bogus check. After a jury verdict of guilty, the court assessed the punishment at imprisonment for a term of seven years. The notice of appeal was filed prior to January 1, 1972, and pursuant to Art. V, § 31, Constitution 1945, V.A.M.S., appellate jurisdiction is in this court.

Carlyn Ogden was a drive-in teller at the North Kansas City State Bank, and on August 28, 1969, she accepted a check in the amount of $350 drawn on the Manufacturers and Mechanics Bank payable to Jim Siewert and purportedly signed by William A. Winters. The person presenting the check requested that $250 be paid to him in cash, which was done, and that the balance be deposited to the account of Jim Siewert. The check was forged, and there was no account in the Manufacturers and Mechanics Bank in the name of William A. Winters. The following day Carlyn Ogden saw the same person present a check to Donna Augustine, another teller, but when there was a few minutes delay in clearing the transaction, the person drove away leaving the check, in the amount of $375, at the bank.

Appellant makes no challenge to the sufficiency of the evidence. The only contentions on this appeal are that he was not advised that he could have counsel at a pre-information lineup, and that the circumstances of the lineup were so suggestive as to taint the in-court identifications. We note that, strictly speaking, there was no lineup as that term is generally used. Instead there was a confrontation at the police station.

This court has held that a lineup held prior to the filing of an indictment or information is not a "critical stage" of an accusatory proceeding which requires the presence or understanding waiver of counsel by reason of the Sixth Amendment, Constitution of the United States, and that the rules announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, do not apply to such lineup. See State v. Walters, Mo., 457 S.W.2d 817. Also, this court has rejected previous contentions that the rule announced in the Walters case should be re-examined and changed. State v. Gates, Mo., 471 S.W.2d 272; State

v. Brookins, Mo., 468 S.W.2d 42; State v. Richards, Mo., 467 S.W.2d 33.

■ Subsequent to the filing of the briefs in this case, Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, was handed down, and the substance of that decision is that counsel is not required at a pre-information or pre-indictment lineup by reason of the Sixth Amendment. This would apply equally as well to the pre-information confrontation which occurred in this case. We find no merit to appellant's first contention.

Appellant also argues that the circumstances of the lineup, but which in fact was an identification confrontation, were, as stated in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, so "unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law."

■ In this case there was ample evidence of an independent basis for the in-court identifications other than the police station confrontation. Both Carlyn Ogden and Donna Augustine observed him at close range in daylight and both had been trained as bank tellers to observe customers. In addition, Carlyn Ogden recognized a photograph of appellant from a large group of photographs.

On September 9, 1969, appellant was taken to the North Kansas City Police Station. According to Lieutenant Beck he gave appellant the "standard Miranda warning" and told him that witnesses were coming to try to make an identification. He also explained "the whole offense" to appellant who replied that he "didn't care about the girls looking at him." Donna Augustine testified that when she arrived at the station, appellant was sitting in a chair in a room where there were several officers and other people; she did not know "whether they were there paying fines or what." No one pointed appellant

out to her or asked him to stand. There were about five people "milling around in the back room" and she was asked if there was anyone there she recognized, and she immediately recognized appellant as the one who had given her the check. Carlyn Ogden testified that she went to the police station after being told she was to see if she could identify a man. There were five or six persons in the room. No one pointed out the appellant to her or told her that he was the person who had given her the check. She immediately recognized appellant as the person who had given her the check at the bank. After that, the Police Lieutenant had appellant turn around to face her, and turn sideways so she could see a profile of him, and she reaffirmed the identification.

◼ As noted, this was not a lineup identification in the usual form. However, the confrontation that occurred had certain aspects which made it less suggestive than a usual lineup. Nothing occurred to result in the confrontation being unnecessarily suggestive and conducive to irreparable mistaken identity. Each witness who testified at the trial and made an in-court identification had a source of identification other than the police court confrontation, and we conclude that nothing occurred at the police station to taint the in-court identification. For comparable situations see State v. Williams, Mo., 448 S.W.2d 865; State v. Todd, Mo., 468 S.W.2d 632; State v. Sweazea, Mo., 460 S.W.2d 614. The trial court correctly overruled the motion to suppress the identification testimony.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.