**STATE of Missouri, Respondent,**

v.

**Lawrence D. McCABE, Appellant.**

**No. KCD 26685.**

Missouri Court of Appeals,
Kansas City District.

July 1, 1974.

Motion for Rehearing and/or Transfer
Denied Aug. 5, 1974.

William E. Mounts, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM:

The appellant was charged by information with the felony of rape in violation of Section 559.260, RSMo 1969, V.A.M.S. He was tried before a jury on February 27 and 28, 1973 in the Circuit Court of Jackson County, Missouri. The jury found defendant guilty of rape and fixed his punishment at ten years in the Missouri Department of Corrections. Judgment was rendered accordingly. Appellant filed a motion for a new trial, which motion was overruled. He appeals.

The following facts were elicited in testimony before the trial court. Prosecutrix, Leanna Moore, testified that she was awakened around 12:00 to 12:30 a. m. by a man standing beside her bed whom she identified as defendant. He was holding a knife and threatened to kill her if she would not submit to his sexual demands. Prosecutrix attempted to get up and at that time sustained a wound to her arm from the knife. The defendant proceeded to have intercourse with her against her will. After taking her to the bathroom to bandage her wound, he had intercourse with her two more times. Defendant then passed out on the bed. Prosecutrix roused her neighbors and fiance, who was sleeping in the next room. The police were summoned and arrived to find defendant asleep on the bed.

Defendant testified that while walking by prosecutrix' house he was invited in by her and that she solicited him for an act of intercourse for the sum of ten dollars. Defendant agreed but on completion of intercourse discovered he had only two dollars. At this point, prosecutrix became angry and began to strike defendant and tear his hair. Defendant drew a knife in an attempt to frighten her and thus make an exit. However, during one of prosecutrix's swings at defendant she cut herself on the knife. Defendant calmed her down and administered first aid. He then passed out on the bed and awoke to find himself under arrest for rape.

Appellant's brief sets forth three points of error. The first point alleges error in the trial court's refusal to give appellant's

**444**

requested instruction on common assault. Appellant contends said instruction was required because common assault was a lesser included offense in the instant case and therefore the judge had a duty to instruct thereon. Section 546.070, RSMo 1969, V.A.M.S.; Section 556.230, RSMo 1969, V.A.M.S. We do not agree.

While common assault has been said to be a lesser included offense of rape [42 C.J.S. Indictments and Informations § 292, p. 1321], the facts do not warrant such a finding in the instant case. Here we have evidence of two separate assaults. The first is the assault before the rape, testified to by prosecutrix. The second is the assault after intercourse testified to by appellant. Appellant, however, was charged solely with rape and that is the only issue in the case. Under these facts, an instruction on common assault as a lesser included offense is properly denied. State v. Villinger, 237 S.W.2d 132 (Mo.1951); State v. Bird, 358 Mo. 284, 214 S.W.2d 38 (1948).

Appellant has made no effective showing that the second assault was within the scope of the charge against him. A mere admission as to a second assault occurring after the consummation of the offense charged does not entitle the appellant to an instruction thereon. We also agree with the trial judge that a common assault instruction was not proper as the evidence shows only a felonious assault. We find no error in the failure to give such an instruction for the above mentioned reasons. An instruction on common assault need not be offered when the evidence shows only an assault necessarily included in the primary offense and, therefore, within the felonious intent of the offense charged. State v. Walker, 505 S.W.2d 119 (Mo. App.1973).

Appellant's second assignment of error is that the trial court abused its discretion by erroneously receiving into evidence Exhibits No. 13 and 14, photographs of the bedroom scene, after prior reception of Exhibits No. 2 and 3, the victim's bloody sheet and pillowcase; as the evidence was purely cumulative and had the sole purpose of inflaming and impassioning the jury to appellant's prejudice.

Appellant's contentions are without merit. In the first place, and as the trial court noted, the evidence was technically not cumulative. " 'Cumulative evidence is additional evidence of the *same kind* tending to prove the same point as other evidence already given.' " State v. Harris, 334 Mo. 38, 43, 64 S.W.2d 256, 258 (1933) (emphasis added), citing 23 C.J. 10. Clearly real evidence and photographic evidence are not evidence of the same kind.

In any event, it is clearly within the discretion of the trial judge as to when cumulative evidence should stop, said discretion being exercised with the standard of relevance as the main criterion. State v. Tompkins, 277 S.W.2d 587, 591 (Mo. 1955). The same test is applicable to the introduction of potentially prejudicial or inflammatory evidence. State v. Thresher, 350 S.W.2d 1 (Mo.1961).

Here the exhibits were clearly relevant as to the manner and time of the assault. If, in fact, the assault occurred prior to intercourse, it is likely there would be a great deal of blood on the bed. Conversely, if appellant's story is believed, it is unlikely much blood would be on the bed. We have examined the exhibits in question and find no abuse of discretion by the trial judge.

Appellant's final point is that the trial court erred when it permitted the State, for impeachment purposes, to cross-examine appellant about a statement given to a Detective James Smith who, although endorsed as a witness on the information, was never called by the State, thus denying appellant his sixth amendment right to

confrontation and cross-examination and his fifth amendment right to due process of law.

In support of his sixth amendment argument, appellant cites Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), wherein statements which contradicted defendant's direct testimony at trial were introduced for impeachment purposes, even though the statements lacked the procedural safeguards required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). The one requirement for their admissibility for impeachment purposes was that the "trustworthiness of the evidence satisfies legal standards." Harris, supra, 401 U.S. at 224, 91 S.Ct. at 645. Appellant asserts here that the statement of appellant to Detective Smith was never marked for identification or received into evidence and therefore there was no way of telling whether trustworthiness of the statement satisfied legal standards.

■ Appellant's contention is wholly without merit. Appellant admitted himself that he, in fact, had made the statement in question and cites no authority showing that legal standards of trustworthiness were not satisfied here. Further, the facts of the instant case demonstrate the impeachment procedure was correctly followed. The proper foundation question was asked and appellant admitted the statements. The admission of the statement completes the impeachment process. Aboussie v. McBroom, 421 S.W.2d 805 (Mo.App.1967); 98 C.J.S. Witnesses § 604a(1), pp. 594–595. The State, then, was not required to call Detective Smith to testify or to introduce any written evidence of the statements.

Appellant's assignments of error are without merit. In addition, we have carefully examined the record and find no plain error that results in manifest injustice to appellant. Rule 27.20(c) V.A.M.R.

The judgment is affirmed.