STATE of Missouri, Plaintiff-Respondent,

v.

Albert Nathaniel MITCHELL, Defendant-Appellant.

No. 38530.

Missouri Court of Appeals, St. Louis District, Division Three.

July 26, 1977.

Robert C. Babione, Public Defender, Frank R. Fabbri III, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Jeffrey Schaeperkoetter, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

WEIER, Judge.

The defendant Albert Nathaniel Mitchell was convicted of first degree murder for the killing of his stepson, Percy Robertson, and Mitchell was sentenced to life imprisonment. The evidence showed that the defendant, his stepson, the defendant's wife (who was also the victim's natural mother), and a friend of the stepson, as well as several of the defendant's younger children, were sitting in the defendant's front yard. All but the younger children were drinking.

The defendant and Percy got into an argument over a hammer the younger children were using. This resulted in a fight between them. This fight was broken up by the defendant's wife and Percy's friend. Percy and his friend left the yard, crossed the street, and got into the friend's car to leave. Meanwhile, the defendant had gone into his house and he emerged with a shotgun. Before Percy and his friend had a chance to leave, the defendant shot Percy twice at close range in the friend's car. From the wounds, Percy died.

The defendant admitted killing Percy but claimed self-defense. He said that he had thought that his stepson was under the influence of pills and that he had gone to the car to get a gun. The defendant said he had killed Percy out of a fear for his own life. He also testified that his eyesight was not good.

The defendant appeals his conviction on two grounds. He contends first that it was error for the trial court to overrule his objection and allow the State to recall as a witness the victim's mother to testify to the size, position, and nature of her son's shotgun wounds. He also contends it was error for the trial court to overrule his objection to the prosecutor's display and operation of the murder weapon during his cross-examination of the defendant. The defendant contends that both of these actions by the State, recalling the witness and operating the shotgun, were prejudicial and served to inflame the jury against the defendant.

■ The defendant also claims that these alleged errors violated the defendant's state and federal constitutional rights. Because

these constitutional contentions were brought up for the first time on appeal and were not elaborated on in the argument portion of the defendant's brief, they are deemed abandoned. *State v. Owens,* 550 S.W.2d 211, 214[3, 4] (Mo.App.1977); *State v. Schulten,* 529 S.W.2d 432, 434[4] (Mo.App. 1975).

We turn now to the merits of the defendant's contentions that the State was allowed to indulge in actions whose sole purpose was to prejudice the jury against the defendant. The defendant first asserts that it was error for the court to allow the State to recall the defendant's wife to the stand to tell about her son's wounds because her testimony was merely cumulative to that given previously by the coroner. Thus it served no useful purpose. As further reason, he submits the spectacle of the grieving mother, on the stand for the second time, describing her son's injuries could only serve to arouse the jury against the defendant. It seems the defendant here is protesting both the nature of the testimony and the circumstances under which it was given.

■ As to the nature of the testimony, it was not cumulative to that of the coroner. Evidence is cumulative only if it "is additional evidence of the same kind tending to prove the same point as other evidence already given." *State v. McCabe,* 512 S.W.2d 442, 444[5] (Mo.App.1974). The coroner's testimony about the wound only tended to prove that it had caused Percy's death. He described it as a large wound that entered Percy's right shoulder and damaged his right lung, leading to a fatal hemorrhage of that lung. The testimony of the victim's mother tended to prove a different point, how close defendant was when he fired. She described the wound as consisting of one hole. Her testimony followed immediately that of a police officer who testified that at a distance of ten feet or more, a wound from a shotgun would consist of many small holes rather than just one large hole. Thus her testimony was not cumulative.

■ Moreover, even if it had been, there would be no error in admitting it. It is a matter of the trial court's discretion to admit cumulative evidence so long as it is relevant. *State v. McCabe, supra* at 444[8]. There can be no doubt evidence about the firing distance was relevant since the defendant claimed he shot his stepson because he thought Percy was getting a gun. How close he was to Percy when he fired the fatal shots, bears on the believability and reasonableness of this claim.

There was no abuse of the trial court's discretion to admit cumulative evidence here, especially in light of the State's need to prove its case, including lack of self-defense, beyond a reasonable doubt. *State v. Evans,* 406 S.W.2d 612, 617[9] (Mo.1966).

■ Besides the cumulative nature of the testimony, the defendant is complaining about the supposedly prejudicial effect of recalling the victim's mother to give it. Again, though both recalling witnesses and admitting potentially prejudicial, but relevant, evidence are matters within the trial court's discretion. *State v. Adams,* 380 S.W.2d 362, 367[4] (Mo.1964); *State v. Hammontree,* 177 S.W. 367, 368[2] (Mo. 1915); *State v. McCabe, supra* at 444[9]. There was no abuse of that discretion here. The defendant's first contention is therefore rejected.

■ The defendant's second complaint is that it was error for the trial court to allow the prosecutor to display and operate the shotgun used to kill Percy Robertson while he cross-examined the defendant. Although the transcript is not entirely clear, it seems that while the prosecutor was questioning the defendant about whether he had to push the first shell into the chamber of the gun or whether the gun was already ready to fire, the prosecutor held the weapon and went through the motions necessary to push a shell into the chamber and pulled the trigger. It appears, then, that the prosecutor's conduct was directly related to the questions he was asking, which questions went to the element of deliberation and thus were relevant to show first degree murder.

This was not, therefore, a case in which the only purpose of the prosecutor's conduct could have been to inflame the jury. Rather, his conduct here was part and parcel of his cross-examination of the defendant. Again, it is within the trial court's discretion to control cross-examination. *State v. Smith,* 534 S.W.2d 604, 610[5] (Mo.App. 1976). This goes just as well for its control over the State's demonstrative use of the murder weapon during cross-examination of a defendant claiming self-defense. *State v. Maggitt,* 517 S.W.2d 105, 107–08[2, 3] (Mo. banc 1974). We find no abuse of that discretion here. Therefore, the defendant's second contention is also rejected.

The judgment is affirmed.

KELLY, P. J. and GUNN, J., concur.