STATE of Missouri,
Plaintiff-Respondent,

v.

Christine ALLEN, Defendant-Appellant.

No. 41277.

Missouri Court of Appeals,
Eastern District,
Division One.

May 20, 1980.

Doris Gregory Black, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Christine Allen appeals from her conviction of first degree robbery, § 560.120, RSMo 1969, and common assault, § 559.220, RSMo 1969, and a sentence of five years' imprisonment on the robbery count and three months sentence on the assault count. The trial court suspended imposition of the three month assault sentence.

Defendant alleges the trial court erred because it: (1) failed to declare a mistrial when the prosecutor informed the jury that Tyrone Hoye, who was jointly accused with appellant, had pleaded guilty to the offense of accessory after the fact to robbery and when a police officer later testified Tyrone Hoye had been identified by the victim, implying that he was an accomplice to the robbery and not merely an accessory after the fact; (2) failed to declare a mistrial when the state did not call Hoye as a witness after having outlined his anticipated testimony in its opening statement, denying appellant her right to confrontation; (3) overruled her motion to suppress a digital watch and six dollars in currency taken from her, as these items were wrongfully seized pursuant to an unlawful detention; (4) overruled appellant's motion to suppress, and admitted identification testimony based on an unduly suggestive confrontation; and (5) allowed the six dollars allegedly taken from the victim as evidence, since the victim testified that the money was returned to him.

According to the state's evidence, on July 19, 1977, three persons knocked on the door to Herz Buchbleter's jewelry shop on Sixth Street in downtown St. Louis. Both Mr. Buchbleter and his assistant, Elizabeth Merkel, were in the shop at the time. Mr. Buchbleter allowed two of the individuals to enter but refused admittance to the third. One person, later identified as appellant, showed Mr. Buchbleter her watch and requested that he lengthen the band by adding links. Mr. Buchbleter noted that the lady's digital watch was unusual. He told the person that an adjustment was all that was needed. As he escorted the two to the door, they struck him and began beating on him. Mrs. Merkel, who had been in the back, came into the shop, grabbed a metal ring sizer and tried to help Mr. Buchbleter. The ring sizer was taken from her by defendant's companion and both Mrs. Merkel and Mr. Buchbleter were beaten with the ring sizer. Both suffered lacerations that required stitches. Although Mr. Buchbleter had originally believed that his attackers were men, during the attack he pushed up a large Panama hat on one of the attackers and saw braided hair and bobby pins. The two took Mr. Buchbleter's wallet and continued beating him until Mrs. Merkel told them she had notified the police, and then they fled.

Within a short time appellant and two others, Oliver Webster and Tyrone Hoye, were seen walking in the Stix Baer & Fuller store across the street from the jewelry shop by Hermena Doyle, a security officer at the store. Mrs. Doyle noticed they were walking very quickly and continually looking back, became suspicious, and followed them as they got on the escalator. On the second floor, she motioned to Ron Griffin, another security guard, who also followed them. Appellant, Webster and Hoye got off the escalator on the fourth floor and looked into the wallet that appellant had been carrying. Doyle and Griffin saw appellant take two bills out of the wallet, which Webster then discarded in a waste can. Griffin retrieved the wallet, and it was found to belong to Herz Buchbleter. Hoye and Webster then changed hats while appellant went to the men's restroom. Griffin followed her there and found her washing what appeared to be blood from her face and neck. Griffin identified him-

self, asked about the wallet, and then escorted her back to join the others.

The three were taken to the security office where a security guard learned of the robbery when he telephoned Mr. Buchbleter. The guards requested that appellant empty her pockets, which contained six dollars and a wristwatch. The police came to the store, arrested appellant, Webster and Hoye, and conveyed them to Mr. Buchbleter's shop, where Mr. Buchbleter identified appellant as one of his assailants.

Appellant first charges the trial court erred in failing to declare a mistrial when the prosecutor in his opening statement told the jury that Hoye had pleaded guilty to the offense of accessory after the fact to robbery. She concedes that no proper objection was made at trial, and her claim must be considered under the plain error rule, Rule 29.12(b).

■ A defendant is entitled to have his case based solely on the merits of the charge against him, and therefore it is error to introduce evidence to the effect that a codefendant has pleaded guilty or been convicted of the same crime. State v. Minor, 556 S.W.2d 35, 38[4] (Mo. banc 1977), vacated on other grounds, Lee v. Missouri, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1978); State v. Fenton, 499 S.W.2d 813, 816[4–7] (Mo.App.1973).

Respondent contends that this situation is distinguishable from that in the Minor, Lee and Fenton cases because in the case under review the plea was that of an accessory after the fact, and not a codefendant. In any event, according to respondent, any error was not plain error in view of the cautionary instructions given the jury and the overwhelming evidence of appellant's guilt.

■ This court need not determine the merits of respondent's attempt to distinguish, however, for in this case, as in State v. Minor, supra and State v. Browner, 587 S.W.2d 948 (Mo.App.1979), any error was minimal in effect. The jury was instructed at the outset that the opening statements were not to be considered as evidence, and

the prosecutor alluded only briefly to the guilty plea. No objection was made, and the court's only alternative was to declare a mistrial, a drastic remedy which necessarily must be subject to its discretion. State v. Camper, 391 S.W.2d 926, 928[2–4] (Mo.1965). Furthermore, the guilty plea was that of accessory after the fact, which would be less prejudicial than that of the codefendants in the Browner and Minor cases. In addition, the evidence against appellant was very strong. The brief mention of Hoye's plea did not amount to a miscarriage of justice.

■ Appellant also claims that the court erred in failing to declare a mistrial when, during the course of the trial, Officer Hurst, one of the police officers who took custody of appellant at the store and took her to the jewelry shop, stated that Mr. Buchbleter identified appellant, Webster and Hoye. She argues that this statement left no doubt that Hoye was an accomplice and a codefendant, and thus respondent could not claim that the statement as to Hoye's guilty plea was proper. Again, appellant has not preserved this alleged error for appellate review. No objection was made to Officer Hurst's testimony about Mr. Buchbleter's identification of Hoye, nor was this claim of error presented to the trial court in appellant's motion for a new trial.

Appellant's claim has no merit in view of the Browner and Minor cases, both of which affirmed convictions in cases where the jury was told about the guilty plea of a codefendant. Even if it was error to allow the opening statement in view of Officer Hurst's later testimony, it was not plain error warranting reversal. Hurst never made a direct reference to the identification of Hoye; rather he merely stated that "they were identified by the victims." Any possible confusion was cleared up when another arresting officer, Officer Atkins, stated that Mr. Buchbleter was unable to positively identify Hoye. Mr. Buchbleter also testified that he identified only two of the individuals. It is doubtful, with all the events outlined in the testimony, that the

jury would have paid special attention to the opening statement and Officer Hurst's testimony so as to link the two together and conclude that a codefendant had pleaded guilty. A mistrial was clearly not warranted because of the opening statement and the police officer's testimony. There was no manifest injustice or miscarriage of justice which would justify the invocation of the plain error rule.

Second, appellant alleges the trial court erred in failing to declare a mistrial when the state did not call Hoye as a witness. She claims that this denied her her right to cross-examine him on matters which were raised in the opening statement. Again, she requests this court to review the proceedings for plain error. Rule 29.12(b).

■ In *Frazier v. Cupp*, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969), the United States Supreme Court held that a defendant's Sixth Amendment right to confrontation is not necessarily denied when the prosecutor outlines the expected testimony of another (in that case, a co-indictee) and that person fails to testify for some reason.[1] The court noted that in that case the summary was not emphasized in any particular way, the statements of the co-indictee were not a vital part of the state's case, and the judge had instructed the jury at the outset that the opening statements were not to be considered as evidence. The court especially noted that there was no reason the jury could not perform its duty by confining its consideration to the evidence adduced at trial and ignoring the opening statement.

■ Moreover, Missouri cases hold a criminal defendant has no right to confront a witness who gives no evidence at trial. *State v. Brown*, 547 S.W.2d 217, 219[1–4] (Mo.App.1977). There was no error in failing to declare a mistrial when Hoye was not called as a witness.

Appellant's third point is that the court erred in denying her motion to suppress

evidence and in admitting into evidence the watch and six dollars taken from her by the security guards. She argues these were seized wrongfully without a search warrant and pursuant to an unlawful arrest.

■ Although appellant made a standing objection to the admission of the evidence and it was understood by the court as such, she did not file a transcript containing the proceedings of the suppression hearing at which the court ruled the evidence admissible. Therefore, the point is not preserved for review. *State v. Harris*, 564 S.W.2d 561, 565[1, 2] (Mo.App.1978). However, no error was committed in denying the motion to suppress. The search and seizure was made by a private citizen, while the Fourth Amendment exclusionary rule applies only to governmental action. *State v. Collett*, 542 S.W.2d 783, 787[7–8] (Mo. banc 1976). Appellant was not deprived of her Fourth Amendment rights when the items were introduced. *State v. Overby*, 432 S.W.2d 277, 279[2–4] (Mo.1968).

■ Next, appellant argues the court erred in denying her motion to suppress identification testimony and in admitting the testimony, as the identification was based upon a suggestive procedure. Again, she requests this court to invoke the plain error rule.

The evidence at trial showed that after appellant was arrested, she and the others were taken by the police to Mr. Buchbleter for identification. The identification took place about twenty or thirty minutes after the robbery. At that time, Mr. Buchbleter stated that in order to be sure, he wanted to see appellant's watch placed on her wrist. He identified the watch as the one he had seen on his assailant. At trial he testified that he recognized appellant's person as well as the watch, and had also recognized the way her hair was arranged. He was unable to positively identify appellant in the courtroom although his statement that her face looked fuller than before was cor-

---

1. In *Frazier*, the co-indictee was called to the stand, but asserted his privilege against self-incrimination and refused to testify.

roborated by appellant's testimony that she had gained weight since her arrest.

Appellant does not contend that it is impermissible to return a suspect apprehended shortly after the crime for a showup identification. *State v. Simmons*, 559 S.W.2d 557, 561[13–15] (Mo.App.1977); *State v. White*, 549 S.W.2d 914, 917–918[3] (Mo.App.1977). She contends, however, that Mr. Buchbleter did not identify appellant, but identified only her watch, and thus the identification procedure was impermissibly suggestive. This argument is not borne out by the record, since Mr. Buchbleter testified that he recognized both appellant and her watch. At any rate, the watch found on appellant can be considered one identifying factor. In *United States v. Johnson*, 540 F.2d 954, 960[5] (8th Cir. 1976) the court held that an identification was not impermissibly suggestive when the police stated to the victims, who had been robbed by men wearing ski masks and armed with revolvers, "Here's the cap and here's the gun. Is this the guy?" The use of the watch for identification was no more suggestive than the mention of the ski mask and gun in the *Johnson* case. Mr. Buchbleter's view of the watch did not give rise to a substantial likelihood of mistaken identification, *State v. Brame*, 485 S.W.2d 58, 60[3] (Mo.1972), and no error was committed by the court.

Appellant's final point is that the court committed error in admitting into evidence the six dollars taken from appellant, because the chain of custody was broken in that Mr. Buchbleter testified that the money was returned to him. She has not preserved this point for appellate review because no objection was made at the time the evidence was introduced, but the point will be examined.

Although Mr. Buchbleter testified that the six dollars taken from the wallet was returned to him by the police, Officer Atkins stated that the money was held. The fact that Mr. Buchbleter testified differently does not make Officer Atkins' testimony "worthless" as appellant claims. Officer Atkins' testimony sufficiently connected the money with the robbery. The state gave "reasonable assurance that it was the same and in the same condition." *State v. Baines*, 394 S.W.2d 312, 316[6, 7] (Mo.1965), cert. denied, 384 U.S. 992, 86 S.Ct. 1900, 16 L.Ed.2d 1008 (1966). The jury was free to determine the weight to be given the exhibit. Furthermore, Officer Atkins could have testified to taking and holding the money without the money being admitted into evidence. See, *State v. Ford*, 495 S.W.2d 408, 417[14] (Mo. banc 1973). There was no error in allowing the money into evidence.

Appellant cites *State v. Merritt*, 460 S.W.2d 591 (Mo.1970) for the proposition that the admission of evidence not shown to have connection with the offense charged is reversible error. That case is distinguishable. In that case, the court held that a gun found the morning after a shooting at the place of the shooting was not admissible against the defendant when police had searched the area for the gun the night before, nobody had seen the defendant with a gun and there was no proof the gun belonged to the defendant. Here there was testimony connecting the exhibit with the crime. It was not error to receive the currency in evidence.

The judgment is affirmed.

STEWART, P. J., and SIMON, J., concur.