STATE of Missouri, Respondent,

v.

Jerry RIFE, Appellant.

No. WD 31855.

Missouri Court of Appeals, Western District.

July 21, 1981.

James L. McMullin, Sloan R. Wilson, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Mark W. Comley, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Appellant Jerry Rife was jury tried and convicted of the offense of arson in the second degree, a class C felony, § 569.050, RSMo 1978. On this appeal, among the points advanced, Rife contends that the state failed to make a submissible case. We therefore review the evidence.

The commercial building in which the fire occurred was occupied by Rife and his wife

under a lease from the owner, one Hoelzel, and was used to conduct the business of a tavern. After some two years of operation, the business had accumulated substantial debts and Rife determined that a sale should be accomplished. A contract for sale of the business, stock and fixtures was arranged April 11, 1979, with a closing date of April 30 contingent upon agreement by Hoelzel to an assignment of the lease. The sale was not concluded on that date, however, because a satisfactory agreement for assignment of the lease could not be negotiated with Hoelzel in that time period. In the early morning hours of May 4, 1979, the premises and contents were substantially damaged by the fire and the sale contract was cancelled.

An occasional employee of Rife, one Bill Green, was given a key to the tavern for custodial purposes when the Rifes were out of town. After the fire, Rife learned that Green had confessed to setting the fire at Rife's instruction while the Rifes were at their vacation home at the Lake of the Ozarks. Rife contacted Green's sister, Mary Sharp, and arranged a meeting to discuss Green's statement. At this meeting in August 1979, according to Mary Sharp, Rife acknowledged his engagement of Green to set the fire at a time when Rife was away and that cash had been paid in hand with an additional sum later due when the task had been successfully completed. Mary Sharp supplied for the prosecution a partial tape recording surreptitiously made of her conversation with Rife.

The incendiary origin of the fire was not seriously in issue. Four empty cans of lantern fluid were found inside the building and the character of the fire damage confirmed the manner in which the blaze had originated. Although the identity of Green as the one responsible for setting the fire appears to have been assumed, he did not testify and his whereabouts at the time of trial were asserted to be unknown. Rife contended that his conversation with Mary Sharp was contrived to gain her confidence and to induce her to reveal where Green was in the hope that Green would admit his implication of Rife was untrue.

In his first point on this appeal, Rife contends that the tape recording made by Mary Sharp of her conversation with Rife should have been suppressed because the recording, taken without Rife's knowledge or consent, violated rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution and unspecified rights of Rife to privacy. The claimed violation of constitutional rights in the form now advanced appears in the case for the first time on appeal. Rife did move before trial to suppress the tape recording on Fourth Amendment grounds and for other reasons, but the objection was not renewed at trial and was not included in his new trial motion. That issue is not preserved. *State v. Howard*, 564 S.W.2d 71, 74 (Mo.App.1978). Additionally, the argument portion of Rife's brief on this point contains only a two-sentence paragraph which fails to develop the contention and cites no cases in point. The contention is therefore deemed abandoned. *State v. Boley*, 565 S.W.2d 828, 831 (Mo.App.1978); *State v. Mitchell*, 554 S.W.2d 581 (Mo.App.1977).

Assuming, ex gratia, consideration of the point, the claim is without merit because no showing was made of any nexus between the private act of Mary Sharp in making the recording and governmental or state action. Constraints of the Fourth, Fifth, Sixth and Fourteenth Amendments are applicable only to intrusions by or at the direction of government agents. *State v. Allen*, 599 S.W.2d 782, 786 (Mo.App.1980); *State v. Colton*, 529 S.W.2d 919 (Mo.App. 1975). Moreover, Rife has no ground for complaint that he was prejudiced by introduction of the tape recording. When he testified, he did not deny the substance of the conversation as recorded, but claimed he had fabricated the account to learn the whereabouts of Green. Rife's testimony relating essentially the same facts obviated any possible complaint that admission of the tape recording was error. *State v. Brandt*, 467 S.W.2d 948, 953 (Mo.1971).

In his second point, Rife asserts error in the failure of the state to produce

Bill Green as a witness available for Rife's cross-examination and a consequent denial of Rife's Sixth Amendment right to confrontation. Although Rife argues that Green was his accuser and the veracity of this evidence against him should have been subjected to the test of cross-examination, the point is illusory and without substance.

The evidence linking Rife and Green as accomplices came, not from Green, but from Rife's own admission to Mary Sharp that he had hired Green to set the fire. The issue for the jury did not depend on Green's credibility but on whether or not Rife testified truthfully when he asserted that his admission of implication in the crime to Mary Sharp was fabricated. The fact that he had so stated was undisputed.

■ The state made no attempt to show through statements given by Green either that he had set the fire or that he had implicated Rife. To the contrary, such evidence was in fact adduced by Rife when, in the cross-examination of a police witness, inquiry was made about Green's confession. No extended discussion of Sixth Amendment guarantees is required by Rife's contention because the rule is well settled in Missouri that a criminal defendant has no right to confront a witness who gives no evidence at trial. *State v. Allen, supra.*

■ Rife next asserts that no submissible case was made against him because independent evidence did not establish the corpus delicti of arson. It is Rife's contention that the state's case could not utilize his inculpatory statements to Mary Sharp unless it had first been shown that the crime of arson had been committed. He relies on *Kansas City v. Verstraete*, 481 S.W.2d 615 (Mo.App.1972) and cases there cited.

■ Appellant's argument goes astray because he assumes the state's burden to have been initial proof, not only of a fire intentionally caused, but that Bill Green was the culprit. Once the state's evidence shows that a crime was committed by someone, then the defendant's confession may be received. *State v. Hankins*, 599 S.W.2d 950, 953 (Mo.App.1980). Moreover, it is not re-quired that the corpus delicti be proven by direct evidence or that full proof of the body of the offense precede evidence of the confession. The rule is satisfied if there is at least circumstantial proof that the specific crime charged was committed by someone. *State v. Hardy*, 365 Mo. 107, 276 S.W.2d 90 (banc 1955); *State v. Saussele*, 265 S.W.2d 290 (Mo. banc 1954).

Evidence that the building housing Rife's tavern had been intentionally burned was, by the nature of the crime, circumstantial but adequate. Before testimony relating Rife's conversation with Mary Sharp was admitted, the state demonstrated the probable agency of the fire to have been lantern fluid and, by the evidence of an arson investigator, that the charred remains bore the characteristics of a fire intentionally started at two locations. The evidence was sufficient to prove the corpus delicti and to permit introduction of Rife's incriminating statements.

■ In a fourth point, Rife asserts, without citation of any authority, that § 569.050, RSMo 1978, defining arson in the second degree as a crime committed by knowingly damaging a building by starting a fire, does not proscribe acts committed in concert and limits prosecution to the principal actor alone. The argument overlooks §§ 562.036 and 562.041, RSMO 1978 and the well accepted rule of statutory application that an entire legislative act must be considered together and each section must be given some meaning. *City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441 (Mo. banc 1980).

Under § 562.036, RSMo 1978, culpable mental state requisite for conviction of an offense exists if the crime is committed by the conduct of another person for which the accused is criminally responsible. Section 562.041, RSMo 1978 identifies criminal responsibility for the conduct of another as arising when the accused aids or agrees or attempts to aid the actor in planning, committing or attempting to commit the offense. There can be no doubt that one, such as Rife, who aids, abets or assists in knowingly damaging a building by starting

a fire, may properly be charged with the offense of arson in the second degree.

In his final point, Rife complains that the prosecuting attorney in the second portion of closing arguments mentioned punishment for the first time and that appellant was prejudiced because he had no opportunity to respond. Review of the transcript indicates this contention to be factually incorrect. While a specific term of years was not sought by the prosecutor from the jury until the closing portion of argument, both the prosecutor and defense counsel referred to the sentencing issue in their earlier remarks. Based on the test enunciated in *State v. Peterson*, 423 S.W.2d 825, 831 (Mo.1968), we conclude that it was not error to deny Rife's motion for mistrial.

The judgment and sentence are affirmed.

All concur.