STATE of Missouri,
Plaintiff-Respondent,

v.

Marcus E. DENMON,
Defendant-Appellant.

No. WD 31920.

Missouri Court of Appeals,
Western District.

May 26, 1981.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, Gary M. Mouse, Certified Law Student, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for plaintiff-respondent.

Before MANFORD, P. J., DIXON and NUGENT, JJ.

DIXON, Judge.

Defendant appeals from a jury verdict of guilty and sentence of fifteen years imprisonment for first degree robbery. The single issue is the propriety of the ruling by the trial court excusing a venireman for cause on the motion of the State.

At trial, defendant admitted his guilt to the charge of robbing a jewelry store. The undisputed evidence was that defendant entered the store wielding a gun, commanded one of the owners to fill a sack with jewelry, repeatedly directed threats of death at the other owner, and was apprehended by police before he could exit the store.

Defendant posits his claim of error on two unrelated and widely separated incidents during voir dire.

Prior to the attorneys' voir dire of the jury, the trial judge addressed some re-

marks to the panel defining the trial judge's function as to the determination of the law. The court then inquired generally if any member of the panel could not follow the law as declared by the court. The venireman in question then indicated some doubt about the issue and, after a colloquy with the court, directly responded that the court's declarations of law would be followed.

Sometime later, in response to questions from counsel, the same venireman expressed doubt about her ability to determine punishment because of religious belief. The venireman indicated a very real possibility of being sympathetic to the defendant on the issue of punishment. A short excerpt from the transcript demonstrates the venireman's hesitancy on the issue of punishment.

VENIREMAN STILES: Because I wouldn't want to—now, say, for instance, this child has a mother and father at home, I have grandsons, I wouldn't want to see my—I wouldn't want to see my grandchildren sitting in anybody's courtroom and I might, the mother instinct might come out in certain points. See, I'm trying to be fair.

.      .      .      .      .

VENIREMAN STILES: I wouldn't feel qualified to send somebody to jail for thirty or forty years, I couldn't sleep.

MR. STERLING: I guess the real question, the bottom line is, even given those feelings, could you follow the Court's instructions and give both sides a fair and impartial trial?

VENIREMAN STILES: Yes, I could, but when it comes to the sentencing part, where he is going, what is going to happen, I couldn't and it wouldn't be fair to the jurors, the other ones that I would have to work with.

MR. STERLING: Why, because you would work on them pretty hard?

VENIREMAN STILES: No, because I might be the one holding up.

VENIREMAN STILES: I have too much mother instinct there because I would look at him and all he would have

to do is turn around and look sorrowful and I couldn't do it.

At the conclusion of the voir dire, the State moved to disqualify the venireman. The court sustained the motion and struck the venireman from the list. There is no issue in this case that the list given to the parties for the exercise of peremptory challenges was insufficient in number or that it contained any disqualified juror.

Defendant's claim is that the trial court erred in sustaining the State's motion to strike Venireman Stiles. The argument is that the trial court's statement as to his duty to instruct led her to speculate that her religious beliefs would prevent her from imposing a sentence within the range of punishment, and thus caused her to disqualify herself.

The point is specious from a factual standpoint. There is nothing in the record that would demonstrate even an implication that the subsequent answers about the venireman's reluctance to impose sentence were connected to the original inquiry by the court concerning the jury's ability to follow the law. Nothing was said by the court concerning any specific instruction.

Defendant seizes upon certain statements made by the venireman to assert that her reluctance to punish arose from the trial judge's comments concerning the respective functions of the judge and jury.

These statements, removed from context, are:

Mrs. Stiles: I just don't believe I'm qualified to, unless they would do a real heinous crime. I don't know, I'm still not the judge here because he said *he* would judge.

.      .      .      .      .

Mrs. Stiles: I still say I wouldn't want to be the one to judge whatever wrong is a wrong ... but I have such a deep faith and belief that I would want *him* to do my judging, I wouldn't feel qualified to send somebody to jail for thirty or forty years, I couldn't sleep. I think I have a little more conscience than I think I'm supposed to have.

In context these statements were obviously directed to the venireman's beliefs, and the pronouns emphasized above referred to the Almighty and not the trial judge.

The venireman simply expressed a personal doubt about her ability to impose any sentence.

Whatever induced her responses, they were made, and demonstrate the venireman's unfitness to serve as a juror. The fact that the bias shown was in favor of the defendant does not change the situation. The State, no less than the defendant, is entitled to an impartial jury.

It is a matter of common knowledge and experience that jurors may reveal bias or prejudice in statements from the jury box unrelated to any inquiry made. The defendant did not object to the trial judge's early statement, nor would such an objection have been valid.

The real issue in the case is the propriety of the trial judge's ruling on the State's motion to strike, which was unquestionably proper.

It would have been unfair to require the State to use a peremptory challenge to unseat a juror who had demonstrated such a bias. *State v. Parris*, 506 S.W.2d 345 (Mo.1974). The defendant did not have a right to any particular juror even if it be assumed, contrary to what has been held, that venireman Stiles was improperly struck. The defendant has not been injured and cannot complain as long as the jury selected was a fair and impartial jury. *State v. Huffer*, 424 S.W.2d 776 (Mo. App.1968). Defendant does not assert, much less demonstrate, that the jury as chosen was not fair and impartial.

The judgment is affirmed.

All concur.