**STATE of Missouri, Respondent,**

v.

**Robert E. NELSON, Appellant.**

**Robert E. NELSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 41688, WD 44802.**

Missouri Court of Appeals,
Western District.

April 14, 1992.

As Modified April 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

---

David S. Durbin, Appellate Defender, J. Bryan Allee, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Robert E. Nelson appeals criminal convictions of forcible rape and armed criminal action and the sentences for those convictions. Nelson contends that the trial court erred in sustaining the state's objection to his opening statement in which his counsel attempted to outline evidence which would be developed through cross-examination of the state's witness. He claims the trial court's ruling deprived him of rights guaranteed to him by the Fifth and Fourteenth Amendments to the United States Constitution and Mo. Const., Art. I, § 10.

As part of its opening statement, the state said:

> [The victim] will tell you that on that night she identified this Defendant as the man who raped her. I also expect she will sit in this witness chair right here and tell you today from the witness chair that that Defendant is the man who raped her. She will tell you the sexual acts was [sic] without her consent. It was by use of force, by the use of the knife that he used on her. She will tell you, of course, she was not married to this man, did not want to have sex with this man, but that he took it from her.

Nelson's attorney also delivered an opening statement prior to the state's evidence in which he stated:

First of all, there is no question that Mr. Nelson had sexual intercourse with [the victim] on Thanksgiving Day. The only question you will be asked to decide is whether that intercourse was a consentual [sic] act. The State has told you that there were certain, what appears to be blood stains on the wall [of the victim's apartment]. There will be no competent evidence that those stains were, in fact, blood whatsoever. No comparison was made. Indeed, [the victim] will tell you that she doesn't remember getting cut throughout most of the afternoon or evening. She doesn't remember where and when Mr. Nelson had the knife. She doesn't remember when he cut[.]

The state interrupted with an objection that counsel's statement was "improper argument" and that he was commenting on facts he hoped to develop on cross-examination. The trial court sustained the objection. Nelson's attorney then made this offer of proof:

> [I]f given the opportunity, I would say during my opening statement that [the victim] did not recall when her hands were cut. She does not—She would say that she did not know where what appeared to be blood came from. She would state that she did not place her hands on the wall. And she would state that at various times during the evening of November 26th, she either would say that the Defendant did not have a knife in his hands or she did not recall whether he had a knife in his hands.

An opening statement's primary purpose is to give the court and jury a general outline of the anticipated evidence and its significance. *State v. Fleming*, 523 S.W.2d 849, 852 (Mo.App.1975). Litigants must not use opening statements to test the sufficiency or the competency of the evidence, and they must not base their statements on what they expect or hope to prove during cross-examination. *Id.; State v. Hamilton*, 740 S.W.2d 208, 211 (Mo.App. 1987); *State v. Bibbs*, 634 S.W.2d 499, 501 (Mo.App.1982). An opening statement's scope is within the sound discretion of the

trial court. *State v. Ivory*, 609 S.W.2d 217, 222 (Mo.App.1980).

In the *Hamilton* case, the defendant attempted to argue in his opening statement facts which he expected to prove during cross-examination of the state's witnesses. This court held that this was argument and not proper subject matter for an opening statement. The court added, however, that its "ruling does not prevent the statement of what [the Defendant] expects to prove as a defense *if* he will have evidence." *Hamilton*, 740 S.W.2d at 211 (emphasis in original).

█ In this case, Nelson's attorney intended to argue in his opening statement the competency of the state's evidence and the credibility of the rape victim. He also attempted to use facts which he anticipated eliciting during cross-examination of the victim. Such anticipated evidence is a matter of argument and improper. *Id.* "It transcends the purpose of the opening statements which is to inform the court and jury what each party expects to prove by introduction of evidence in support of the charge or defense." *Id.*

Nelson also appealed the denial of his Rule 29.15 motion for post-conviction relief; however, his brief neither cited nor argued any error made by the motion court. We deem assignments of error not carried forward in the brief under points and authorities an argument to be abandoned. *Rafferty v. Levy*, 153 S.W.2d 765 (Mo.App.1941); *LaGrange Reorganized School District No. R–VI v. Smith*, 312 S.W.2d 135 (Mo. 1958); *Heembrock v. Stevenson*, 387 S.W.2d 263 (Mo.App.1965).

The trial court did not abuse its discretion in sustaining the state's objection to Nelson's opening statement. Judgment affirmed.

All concur.