**STATE of Missouri, Plaintiff–Respondent,**

v.

**Paul WILLIAMS, Defendant–Appellant.**

**No. 18300.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 25, 1993.

Motion for Rehearing or to Transfer
Denied July 19, 1993.

Application to Transfer Denied
Sept. 28, 1993.

FLANIGAN, Judge.

A jury found defendant Paul Williams guilty of stealing, and he was sentenced to seven years' imprisonment. Defendant appeals.

Defendant's sole point is that the trial court erred in failing to sustain his challenge for cause to venireperson Rhonda Durham "because she could not state unequivocally in voir dire that she would not be biased against the defendant because of his failure, if he so chose, to testify at trial."

Defendant argues that the interrogation of Mrs. Durham on voir dire "reveals uncertainty and equivocation as to her ability to be impartial and to follow the court's instructions as to defendant's failure to testify. Because Mrs. Durham was not stricken for cause, defendant did not have the full panel of qualified veniremen from which to make his peremptory challenges which the law allows him."

A defendant is entitled to a full panel of qualified jurors before making peremptory challenges. *State v. Schnick*, 819 S.W.2d 330, 333 (Mo. banc 1991). It is prejudicial error to deny a meritorious challenge for cause, and this is true even if an unqualified juror does not actually serve. The right to have a list of qualified jurors from which to make peremptory strikes does not arise from the Constitution. The right is the product of statutes, including §§ 494.470 and 494.480 enacted in 1989 and in effect at the time of the trial. *Id.* at 334. The trial judge is in the best position to assess the totality of a person's responses on voir dire. *State v. Leisure*, 749 S.W.2d 366, 375 (Mo. banc 1988). "Errors in the exclusion of potential jurors should always be made on the side of caution." *State v. Stewart*, 692 S.W.2d 295, 298 (Mo. banc 1985).

Venireperson Durham did not serve on the jury, but defendant used one of his peremptory strikes to eliminate her from sitting. For the reasons which follow, it is unnecessary to set forth the voir dire examination of Rhonda Durham. The state argues that Mrs. Durham was a qualified juror. On

Donald W. Petty, Liberty, for defendant-appellant.

Jeremiah W. Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

this record, even if she was not, there is no error.

Defendant does not challenge the sufficiency of the evidence to support the verdict. Defendant was charged with stealing specified articles of sports clothing which were taken in the early morning hours of November 7, 1991, from the Dugout Sports Shop, a sporting goods store in Joplin. In a separate count, defendant was charged with the burglary. The state's evidence showed that the store had been burglarized and defendant was found in possession of one of the stolen jackets shortly after the burglary. State's witness Walker, who participated in the burglary, implicated defendant in the burglary and stealing. The jury acquitted defendant on the burglary count.

Before the presentation of the defendant's case, and outside the hearing of the jury, defendant testified, under examination by his counsel, that he understood he had a Fifth Amendment right not to testify, and that if he chose to exercise that right "nothing can be made out of that and the prosecutor cannot comment on it." He further testified that he understood that, if he wanted to, "I can waive the Fifth Amendment right so the jury can hear my side of the story. ... I understand all that. I have talked to my attorney about whether or not I want to testify. My decision is that I will testify."

Testifying in his own behalf before the jury, defendant said that he was not involved in the burglary or the larceny, that he was in Quapaw, Oklahoma, at the time the burglary occurred, that he came into possession of the jacket innocently, and that he understood the jackets were purchased by his brothers and Walker.

▮ Although errors in the exclusion of potential jurors should always be on the side of caution, reversal is required only if the defendant has been prejudiced. *State v. Draper*, 675 S.W.2d 863, 865[5] (Mo. banc 1984). The trial court has wide discretion in determining the qualifications of a venireman, and its decision thereon will not be disturbed absent a clear abuse of discretion and real probability of injury to the complaining party. *State v. Smith*, 649 S.W.2d 417, 422[5] (Mo. banc 1983). "Only an abuse

of discretion combined with likely injury to the complaining party warrants setting aside a challenged ruling." *State v. Bannister*, 680 S.W.2d 141, 145 (Mo. banc 1984).

In *State v. Brooks*, 693 S.W.2d 211 (Mo. App.1985), defendant contended that the trial court erred in refusing to strike for cause a venireperson who indicated she felt a defendant should testify in his own behalf. After reviewing the voir dire examination of the venireperson, the court said, at 214–215:

[I]t is clear the trial court abused its discretion in refusing to strike this venireperson. Based upon her answers, the better practice would have been to have sustained the challenge for cause. However, review of this point does not stop here.

. . . . .

Here the concern was with the venireperson's prejudice against Brooks if he did not testify. But in fact Brooks *did* testify at trial. The Fifth Amendment establishes a defendant's privilege against self-incrimination, but this privilege may be waived when he becomes a witness in his own behalf. Any abuse of discretion on the trial court's part not to strike the venireperson was cured when Brooks decided to take the stand. Brooks does not even hint of his making an election to testify because the juror in question actually served on the jury. If such was the case it would have been incumbent upon the defendant to have made a record as to his intention to have not testified but for this juror's presence on the jury. This point is therefore denied. The judgment is affirmed. (Emphasis in original.)

*Brooks* controls the disposition of this appeal. This court holds that any abuse of discretion on the trial court's part in not striking venireperson Durham for cause was cured by defendant's testifying in his own behalf before the jury. Defendant's point has no merit.

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.