STATE of Missouri, Respondent,

v.

Michelle BLUNK, Appellant.

Michelle BLUNK, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60186, 62535.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 31, 1993.

**820**

Elizabeth Haines, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals after a jury conviction and sentence of two consecutive seven-year terms of imprisonment and fine of $7,000 on two charges of stealing over $150 by means of deceit. Section 570.030 RSMo 1986. A substitute information charged four separate crimes involving obtaining money by employing a "pigeon drop" scheme. After the close of the state's evidence, one count was dismissed. The trial court granted a judgment of acquittal on another count. The jury found defendant guilty on the remaining two counts and recommended the maximum available sentence on each count. Defendant raises four points of error on direct appeal and one claim of error in denial of 29.15 post conviction relief. We affirm.

Evidence supports both guilty verdicts. On January 29, 1990, defendant and an accomplice, using the names "Martha" and "Sandy," obtained $600 and some jewelry from V.C. by "discovering" a package containing a lot of money, a bracelet and a necklace which they agreed to share with V.C., if V.C. put up $1,000 of her own money. Defendant and the accomplice accepted $600 and some jewelry instead. After V.C. contributed her property, the two women directed her to see a Mr. Wiestien in a hospital building and obtain from him her share of the found package consisting of $25,000. The victim followed the directions and learned that there was no Mr. Wiestien and no treasure to be divided.

On February 12, 1990, defendant and another young woman victimized I.W. and obtained from her $5,000 by use of a similar scheme. The women again referred the victim to a Mr. Wiestien. He was described as an attorney who would advise the three women what to do with the contents of a package containing money and a bracelet which they "found." By arrangement the victim talked to a Mr. Wiestien on the phone. He informed her that there was $50,000 to $60,000 in the package and that if she put up $5,000 in "good faith money" she would get $10,000 to $15,000. She withdrew $5,000 from a bank account and gave it to defendant who had directed her to go inside a bank and wait for Mr. Wiestien. I.W. discovered there was no Mr. Wiestien and no funds to divide.

Defendant first claims the trial court erred in finding the state's use of a peremptory challenge race-neutral and not granting relief for violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant made a timely *Batson* challenge regarding the state's use of a peremptory strike on one black venireperson, Smith. The state's reason for striking Smith was age. The prosecutor explained that with all his strikes he looked at the age of the jurors in relation to the age of the victims and the defendant. Because the defendant was twenty-one years old he chose to strike young venirepersons. Smith was twenty-

four. Defendant's claim that this reason was merely pretextual because white venirepersons ranging in age from thirty-one to forty-four were not stricken fails.

■ Peremptory challenges require that counsel rely on "perceptions of attitudes based upon demeanor, gender, ethnic background, employment, marital status, age, economic status, social position, religion, and many other fundamental background facts." *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987). The Missouri Supreme Court expressly approved age as an acceptable reason for using a peremptory strike. Smith was seven years younger and defendant ten years younger than the youngest white venireperson not stricken. Obviously, discriminatory intent is not inherent in the explanation of the prosecutor on these facts and the explanation is therefore deemed race-neutral. *State v. Parker*, 836 S.W.2d 930, 934 (Mo. banc 1992). We have previously held a comparison of ages with defendant, in conjunction with financial status, is a racially neutral reason sufficient to support finding no racial motivation. *State v. West*, 766 S.W.2d 103, 111 (Mo.App.1989). Rejection of *Batson* relief was not clearly erroneous. *State v. Griffin*, 756 S.W.2d 475, 482 (Mo. banc 1988), *cert. denied*, 490 U.S. 1113, 109 S.Ct. 3175, 104 L.Ed.2d 1036 (1989).

■ Defendant's second claim of error is the court denied defendant due process when it sustained the state's challenge for cause of venireperson Claus. For two reasons we reject this claim. First, after Claus was relieved, a full panel of qualified jurors was tendered for peremptory challenges. Submission of such a panel satisfies the requirement of due process. *State v. Jones*, 749 S.W.2d 356, 360 (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 186, 102 L.Ed.2d 155 (1988); *State v. Gray*, 812 S.W.2d 935, 938 (Mo.App.1991). With the exception of capital punishment cases, an accused has no right to any specific juror or to representation on the jury of a particular point of view. *Lockhart v. McCree*, 476 U.S. 162, 177–179, 106 S.Ct. 1758, 1767–1768, 90 L.Ed.2d 137 (1986).

Second, there was some indication that the defendant was pregnant. Venireperson Claus indicated she might be uncomfortable with "the amount of the sentence" in the event the defendant was pregnant and found guilty. The court sustained the challenge for cause on that express ground. There being no showing that the ruling deprived defendant of a full panel of qualified venirepersons, and in light of a showing of facts justifying reservations of the court, we find no error in sustaining the challenge.

Defendant's third claim of error relates to the state's rebuttal closing argument. Defendant objected to the following:

[PROSECUTOR]: We talked about on voir dire that the range of punishment for these offenses is from one day to seven years, and you told me that you would consider that full range and wait until you heard all the evidence. Well, ladies and gentlemen, there are stealings and there are stealings, and that's why the range of punishment—the law provides that range of punishment available to you as a jury if it assess [sic] for one day to seven years. Robinhood was a thief under the law, but he had perhaps an arguably noble purpose to steal from the poor to give to the rich [sic]. Here at the bottom of the range of punishment is a man whose family is starving and goes out and steals a chicken to put on the dinner table to feed his children. That comes into the range of punishment. A kid caught shoplifting at Famous Barr for the first offense considers a whole range of punishment. But that woman there and her cohorts and those of their league are not Robinhoods, they are not stealing from the poor to give to the rich [sic], they are stealing—

■ Evidence that a defendant has committed, or has been accused of, charged with, convicted of, or been definitely associated with another crime or crimes is generally inadmissible. *State v. Hudson*, 736 S.W.2d 56, 58 (Mo.App.1987). A criminal defendant has the right to be tried only for the crime with which he is charged. *State v. Chew*, 740 S.W.2d 715, 716 (Mo.App.1987). However, a prosecutor is given wide latitude in his argument to the jury, and the trial court is vested with broad discretion in determining whether

he has exceeded the permissible scope of that argument. *State v. Ray*, 600 S.W.2d 70, 73 (Mo.App.1980). The trial court's ruling will be disturbed only when there has been a clear abuse of discretion. *Id.*

The objection was that the prosecutor was clearly suggesting to the jury that defendant has prior convictions. The court did not accept that interpretation and overruled the objection. The court observed defendant had no prior convictions and rejected the view that the argument inferred she did.

■ In arguing for a stiff sentence, the prosecutor contrasted defendant with three classes of criminals: (1) a Robinhood who steals from the rich to give to the poor; (2) a family man who steals to feed his children; and (3) a juvenile caught shoplifting as a first offense. The thrust of the argument was that the proven crimes deserved greater punishment than persons in any of the three categories. It is no more likely that the third example required an inference that plaintiff was a prior offender than defendant was acting as a Robinhood or as a family provider. We find no violation of defendant's rights and no clear abuse of discretion in overruling the objection.

The final issue on direct appeal is a claim that the court plainly erred in submitting MAI–CR 3d 302.04, the reasonable doubt instruction. Point denied. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993).

■ Defendant offers one issue preserved after the motion court denied post conviction relief under Rule 29.15 after an evidentiary hearing. Specifically, the complaint is trial counsel was ineffective for failing to argue range of punishment during defendant's closing argument. The state made a fleeting reference to punishment at the end of its original argument. Defense counsel did not argue punishment. During rebuttal closing argument, defendant objected to an argument regarding range of punishment because it was not argued in the original closing argument. The court overruled the objection upon finding that the brief reference was sufficient.

■ The intentional failure to argue range of punishment was trial strategy. Where guilt is a disputed issue in cases where guilt and punishment are submitted at the same time, and where argument on range of punishment may be viewed as a limitation on defendant's claim of innocence, a failure to argue limited punishment is not per se ineffective assistance of counsel. Trial strategy will not form a basis for post conviction relief. *State v. Hamilton*, 791 S.W.2d 789, 797 (Mo.App.1990).

Defendant has not demonstrated an argument which could have been made to encourage the jury to minimize the length of sentence for the charges. No details were furnished to the motion court or to this court to suggest matters of mitigation which would have been meaningful in the context of a range of punishment argument. In the absence of such offer there is no basis to find prejudice from counsel's strategy. This is true even though counsel failed to prevent a rebuttal argument urging a long sentence.

Defendant's argument is, on the authority of *State v. Ross*, 606 S.W.2d 416 (Mo.App. 1980), the state was entitled to detail a range of punishment argument even after a fleeting reference in the initial closing argument. *Id.* at 418–419. Defendant then argues defense counsel should have known range of punishment would be argued in the rebuttal closing argument. Even if these premises are accepted as true, the conclusion, ineffective assistance for failure to argue range of punishment, is unsupported. There is no explanation, nor any available basis, to support the conclusion that defendant was thereby prejudiced. We find no factual basis which would require the motion court or this court to conclude defense counsel did not argue punishment solely because of ignorance of the law. It is impossible to conclude there is a probability that the outcome would have been altered if some unknown and unspecified range of punishment argument had been made by defense counsel.

We find no abuse of discretion in overruling the Rule 29.15 motion on the stated ground. The ruling is not clearly erroneous. Rule 29.15(j). *Jones v. State*, 771 S.W.2d 349, 351 (Mo.App.1989);

We affirm the convictions and denial of post conviction relief.

CRANE, P.J., and CRAHAN, J., concur.