**STATE of Missouri, Plaintiff/Respondent,**

v.

**Francisco JIMMERSON,
Defendant/Appellant.**

**Francisco JIMMERSON, Movant,**

v.

**STATE of Missouri, Respondent.**

Nos. 61311, 65051.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 3, 1995.

Application to Transfer Denied
Feb. 21, 1995.

Craig A. Johnston, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Judge.

Defendant was tried by jury and convicted of robbery in the second degree in the Circuit Court of St. Louis County. Defendant alleges ineffective assistance of counsel, various errors in the admission of evidence at trial, error in allowing improper argument by the State, and error in instructing the jury to decide whether defendant "took" U.S. currency where record evidence showed defendant did not take currency, but was merely an accomplice. Defendant has failed to brief his Rule 29.15 ineffective assistance claim, and thus it is considered abandoned. *State v. Nelson*, 818 S.W.2d 285, 287 (Mo.App.E.D. 1991). Defendant failed to preserve the evidentiary issues and the issue of improper argument. The alleged evidentiary errors and improper argument would not amount to manifest injustice or a miscarriage of justice due to the existence of ample other evidence to support the verdict. Nor was defendant prejudiced by the faulty instruction in light of the facts and of the instruction as a whole. Therefore, we affirm.

The evidence as construed most favorably to the verdict is as follows. At approximately 3:14 a.m. on July 20, 1989, defendant Mr. Francisco Jimmerson and a Ms. Deonne Green knocked at the door of a Majik Market convenience store in north St. Louis County. Victim, the cashier, had locked the door in order to stock the coolers. The cashier unlocked the door, defendant and Green entered the store, passing within a few feet of him. The cashier carried on a conversation with the defendant while defendant and Green shopped in the store for approximately six to eight minutes. The pair approached

the counter and Green purchased some candy. When the cashier opened the cash register in order to make change, defendant leaped over the counter and started to beat him, inflicting numerous cuts and abrasions on his face, arm, and leg. As defendant leaped over the counter, he yelled for Green to get the money. Green took approximately $50.00 out of the register. The pair ran out of the store, and the cashier called 911.

Officer R., responding to the 911 call no more than a minute or two after the robbery, saw a vehicle 50 yards from the market being driven by a male. He followed the vehicle for a quarter mile when he saw a female passenger "pop up" into view in the front seat. The driver pushed the female back down, and a high speed chase ensued. The suspect vehicle swerved and crashed into a tree.

The male exited the car and ran. Officer R. followed the male, but the male escaped. The female, Green, was identified by the cashier at the scene of the automobile crash approximately 30 to 45 minutes after the robbery.

On the morning of the robbery, Officer S. learned the male's identity during the course of his investigation, and put together a photographic lineup of police photos. Later that morning, the photo lineup was brought to the cashier's home. The cashier identified the picture of defendant as his assailant.

An arrest warrant for defendant was issued. Officer G. observed defendant a few weeks later on August 12, 1989, and began to question him. Defendant ran and was apprehended after a short chase. Defendant was read his *Miranda* warnings by Officer B. and stated that he had heard about the Majik Market robbery, that Deonne Green had been arrested, that she had implicated him, and that she was lying.

Defendant was convicted and sentenced for his involvement in the Majik Market robbery. Defendant now makes this appeal alleging the trial court erred by refusing to grant a mistrial and by admitting evidence of Green's conviction and sentence for her involvement in the robbery, admitting evidence that a police officer learned during his investigation that defendant was the male suspect, admitting statements about Green's arrest and implication of defendant in the crime, admitting evidence that a police officer was familiar with defendant before the night of the arrest, and admitting testimony that the photograph used to identify defendant was a police photograph. Defendant also contests improper argument by the State to the effect that if the jury is to believe defendant, it must disbelieve Green.

■ These evidentiary issues were not properly preserved at trial. No objections were made on the record at the proper times. Nor was the improper argument issue preserved. Although defendant objected to the improper argument, this objection was sustained. The trial court admonished the State, "Stay away from what Deonne Green said." The State argued nothing further about Green's statements. It is true that no curative instruction was given at this point. However, no curative instruction was requested. Therefore, neither the evidentiary issue nor the improper argument issue has been properly preserved.

■ Nevertheless, this Court may choose to hear improperly preserved issues in its discretion under Rule 29.12(b). The standard for review is plain error, but is only available when there has been "manifest injustice" or a "miscarriage of justice." Rule 29.12(b). In order to show manifest injustice or a miscarriage of justice resulting from an erroneous introduction of evidence, there must be an apparent prejudice to defendant. *State v. Fuente*, 871 S.W.2d 438, 443 (Mo. banc 1994). Prejudice is not considered apparent when there is ample other evidence to support the conviction. *Id.* Similarly, improper arguments do not amount to manifest injustice unless those arguments are decisive to the outcome of the trial. *State v. Plummer*, 860 S.W.2d 340, 349 (Mo.App.E.D.1993).

■ Assuming the evidence at defendant's trial was in error, the alleged errors caused no apparent prejudice to defendant because the conviction was supported by ample other evidence. The verdict is supported by the eyewitness testimony of the victim, who observed defendant and Green at close range

while opening the door, continued to observe the pair and to converse with defendant for some six to eight minutes while they shopped, and again encountered them at close range at the counter during the purchase which preceded the beating. These facts distinguish this case from our past decision in *State v. Johnson*, 787 S.W.2d 872 (Mo.App.E.D.1990) (per curiam), where we reversed a conviction when a codefendant's guilt was introduced. In *Johnson* eyewitnesses did not have an opportunity to observe defendant at close range or for extended periods.

We consider the admissible evidence to be overwhelming of defendant's guilt, so that even if the errors had been properly preserved, they would be harmless. *State v. Miller*, 821 S.W.2d 553, 556 (Mo.App.E.D. 1991). For similar reasons, we deem that the incontrovertible eyewitness testimony, and not the State's improper argument, was highly influential in the resolution of this matter. Points denied.

■ Finally, defendant argues that the trial court mistakenly instructed the jury as to the elements of robbery as applied to this case. Instruction no. 5, based on MAI–CR 3d 323.04 and MAI–CR 3d 304.04, asserted one of the elements was that "defendant took U.S. currency." However the evidence showed that it was Green, and not defendant, who took the currency. Here the trial court erred by not modifying the instruction to conform with MAI–CR 3d 304.04 Notes on Use 5. However, relief is not warranted where the instruction given was not prejudicial, as judicially determined. Rule 28.02(f). In making this determination, we must look to the facts of the case and instruction as a whole. *State v. Keil*, 794 S.W.2d 289, 292 (Mo.App.E.D.1990).

There was no substantial possibility that the jury would ascribe to defendant the act of taking currency as the result of this instruction. All evidence introduced showed that he was an accomplice, and that the money was taken by Green at his behest. Other parts of the verdict director correctly incorporated the language of MAI–CR 3d 304.04 concerning responsibility for the actions of others. Because the faulty instruc-

tion could not reasonably be read in the context of the facts presented at trial to expand the likelihood of conviction or the gamut of defendant's criminal liability, we find that he has not been prejudiced by the instruction. Point denied.

Judgment affirmed.

SMITH, P.J., and WHITE, J., concur.