**STATE of Missouri, Plaintiff–Respondent,**

v.

**John E. GEORGE, Defendant–Appellant, consolidated with**

**John GEORGE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

Nos. 19125, 20066.

Missouri Court of Appeals, Southern District, Division One.

April 30, 1996.

M. Elise Branyan, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, for respondent.

BARNEY, Judge.

In Case No. 19125 a Phelps County jury convicted John George (Appellant) on one count of rape pursuant to § 566.030 [1] and five counts of sodomy pursuant to § 566.060. He was sentenced as a prior offender, a persistent offender, a sex offender and a Class X offender, to 40 years on each of the six counts to be served consecutively. He appeals the judgment and sentence of the trial court.

In Case No. 20066 Appellant appeals the denial of his Rule 29.15 [2] motion for post-conviction relief claiming ineffective assistance of counsel. The hearing court denied the motion without an evidentiary hearing. Appellant's direct appeal and his appeal from the denial of his 29.15 motion are consolidated herein.

Appellant presents eight points on appeal, to-wit: the trial court erred: 1) in denying his pre-trial request for different counsel because of an alleged conflict of interest; 2) in denying a request for a mistrial when the State made references to the Appellant's failure to testify; 3) in failing to sustain Appellant's motion for acquittal; 4) plainly when it failed to declare a mistrial, *sua sponte*, after

---

1. All statutory references are to RSMo 1994.

2. All Rule references are the Missouri Rules of Criminal Procedure (1995).

the State referred to Appellant as a "monster" in opening argument; 5) in permitting the testimony of a witness in that it constituted hearsay and impermissible bolstering; 6) in failing to retain a particular juror; 7) plainly when it failed to recuse itself, *sua sponte*, after contact with a witness during a recess; and 8) in denying Appellant an evidentiary hearing in his post-conviction relief action.

## No. 19125—Direct Appeal

Appellant was the live-in boyfriend of Joyce Turner. Ms. Turner had four children, C.T., T.T., A.T., and B.T., all of whom lived in the household with Appellant and Ms. Turner. B.T. is the only boy. B.T. left in November, 1991 to go live with his grandmother. The girls' ages in the fall of 1991 were 12, 11, and 8, respectively. After B.T. left the house, there were several incidents of sexual abuse between Appellant and each of the three girls. These incidents were the basis for the charges on which Appellant was convicted.

In his first point, Appellant claims that the trial court erred when it denied his request for different counsel prior to trial. As grounds, Appellant asserts that he and counsel had a conflict of interest due to a lawsuit filed by Appellant against counsel in Federal court. Additionally, Appellant asserts that counsel failed to interview and call witnesses on his behalf.

■ Appellant made his request for new counsel at a pre-trial conference two weeks before trial. A hearing was held and the trial court denied the motion, noting in the docket:

> [T]here are no legal grounds for the removal of the attorney; that the trial date is less than two weeks away; and that counsel has announced that he is ready to proceed, has the ability to proceed in the best interest of his client.

Both the conflict of interest claim resulting in ineffective assistance of counsel[3] and the failure to call witnesses claim were raised in

Appellant's Rule 29.15 motion. They are now being asserted on direct appeal as a separate point of trial court error. "Claims of ineffective assistance of counsel at trial cannot be raised on direct appeal. Rather, they must be raised by way of a post-conviction motion under Rule 29.15." *State v. Kretzer*, 898 S.W.2d 639, 643 (Mo.App.1995). Failure to call witnesses and conflict of interest claims resulting in ineffective assistance of counsel, are matters properly within the scope of a Rule 29.15 motion.

■ Appellant has failed to provide any record containing evidence that a lawsuit was filed in Federal court. Additionally, we do not have access to a transcript of the pretrial hearing that was held on the matter. The only references to the other lawsuit are contained in the briefs of the parties and the docket entries made by the trial judge. "The existence of a conflict of interest must be shown by evidence and the burden of proof is on the movant to produce such evidence." *Maddox v. State*, 715 S.W.2d 10, 11 (Mo.App. 1986) (citation omitted). *See also State v. Parker*, 886 S.W.2d 908, 929 (Mo. banc 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). It is the Appellant's burden to produce a record on appeal sufficient to determine the claim. *State v. Foster*, 854 S.W.2d 1, 6 (Mo.App.1993).

■ Furthermore, the fact that Appellant had filed a lawsuit against his attorney is not sufficient to warrant relief absent some showing that the representation was adversely affected by the alleged conflict or that the alleged conflict precluded effective representation. "[A] pending lawsuit between Appellant and his attorney may give rise to a conflict of interest requiring appointment of new counsel. However, a defendant who files a lawsuit against his attorney does not necessarily create such a conflict." *State v. Boyd*, 913 S.W.2d 838, 844 (Mo.App.1995) (citation omitted). Point one is denied.

■ In his second point, Appellant claims the trial court erred when it overruled his motion for a mistrial. The motion was made

---

3. It is noted, however, that the conflict of interest claim in the post-conviction relief motion was abandoned on appeal. *See* discussion of Point Eight, *infra*. We review this claim, *ex gratia*, on direct appeal.

in response to comments by the State which Appellant claims emphasized, in violation of § 546.270, that he would not testify on his own behalf. The specific comment was as follows:

> The evidence is going to show that these girls were left without any support whatsoever. They had a monster living in the house, and the only person who could protect them was their mother; and she refused to do that. There will be—*The evidence from the girls will be unrefuted.* (Emphasis added.)

It had been announced, in chambers, prior to the beginning of trial that Appellant would not testify. Additionally, there were no witnesses disclosed by Appellant during discovery. Appellant asserts that the above emphasized quote was therefore a comment on the only witness that trial counsel could call, the Appellant.

██ A trial court has wide discretion in controlling the scope of closing arguments as the trial judge is in the best position to determine their prejudicial effect. *State v. Lee,* 841 S.W.2d 648, 653 (Mo. banc 1992). Where the defendant complains that the prosecutor made references to his failure to testify, we will disturb the trial court's decision only where the references are direct and certain. *Id.* " 'Merely stating that the evidence is 'uncontradicted' or that a defendant has failed to offer evidence is not a direct and certain reference.' " *Id.* "A direct reference to an accused's failure to testify is made when the prosecutor uses words such as 'defendant,' 'accused' and 'testify' or the equivalent. An indirect reference is one reasonably apt to direct the jury's attention to defendant's failure to testify." *State v. Lawhorn,* 762 S.W.2d 820, 826 (Mo. banc 1988). There must be a calculated attempt by the prosecutor to emphasize the defendant's failure to testify so as to call it to the attention of the jury. *Id.*

The reference made by the State in this case was certainly not a direct comment. It was also not indirect in that it did not point out to the jury that Appellant would not be testifying. The jury had no knowledge of the fact that defense counsel disclosed no witnesses during discovery and therefore, it is too remote to assume that they would infer from the State's comment that Appellant was not going to testify. Point two is denied.

██ In his third point, Appellant claims the trial court erred in failing to sustain Appellant's Motion for Judgment of Acquittal. He claims there was insufficient evidence to submit the charges of rape and sodomy to the jury because the testimony of the victim lacked corroboration. As a general rule, "[t]he uncorroborated testimony of the victim in a case of sexual assault is sufficient to sustain a conviction." *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992). Corroboration is only required when the victim's testimony is so contradictory and in conflict with physical facts, surrounding circumstances and common experience, that its validity is rendered doubtful. *State v. Silvey,* 894 S.W.2d 662, 673 (Mo. banc 1995); *Sladek,* 835 S.W.2d at 310; *State v. Creason,* 847 S.W.2d 482, 485 (Mo.App.1993). This corroboration requirement is triggered only when there are inconsistencies that arise within the victim's trial testimony. "Conflict between the testimony of the victim and other witnesses does not require application of the corroboration rule." *Sladek,* 835 S.W.2d at 310; *State v. Gardner,* 849 S.W.2d 602, 604 (Mo.App.1993). Likewise, conflict between the victim's testimony and out of court statements does not trigger the corroboration rule. *Creason,* 847 S.W.2d at 485. In order for the corroboration exception to apply, the discrepancies must amount to " 'gross inconsistencies and contradictions.' " *State v. Marlow,* 888 S.W.2d 417, 422 (Mo.App.1994).

██ Appellant alleges that the girls told conflicting stories regarding the location, date, time of day and frequency of the abuse. However, as stated above, the rule is not that a victim's testimony be consistent with other witnesses. Instead, a victim's testimony must be consistent within itself.

A review of the record establishes that each girl's testimony was consistent within itself. Counts I, III and IV all involved acts against C.T. To find the defendant guilty of rape on Count I, the jury was required to find that on or about February 2, 1992 Appellant had sexual intercourse with C.T. She

testified that Appellant told her "to get up and bend over the couch; and then he put his penis in my vagina." Count III required the jury to find Appellant guilty of sodomy if they found that on or about February 2, 1992 he placed his penis in C.T.'s mouth. C.T. testified that the Appellant did in fact force her to "suck his penis." Count IV was also a charge of sodomy occurring on November 1, 1991 and C.T. testified that "he told me that—to put my head down and—between his legs and suck his penis." Nowhere within C.T.'s testimony, are there inconsistencies regarding any of these acts of abuse.

The jury was to find Appellant guilty of sodomy on Count II if it found that he had deviate sexual intercourse with T.T. on or about February 1, 1992. T.T. testified that "he kneeled up behind me and stuck it through my rear end." There are no inconsistencies in T.T.'s testimony either during direct or cross examination.

Counts VI and VII involved acts of abuse against A.T. The jury was to find Appellant guilty of sodomy on Count VI if it found that between December 7, 1991 and December 25, 1991 Appellant placed his penis in the mouth of A.T. while in the kitchen of the house. A.T. testified that in the kitchen of her house Appellant made her put her "mouth around his thing." Likewise, Appellant was to be found guilty of sodomy on Count VII if the jury found that between December 7, 1991 and December 25, 1991 Appellant placed his penis in her mouth in the living room of the house. A.T. testified that in the front room of the house Appellant "made me put my mouth around his thing." A.T.'s testimony is consistent within itself just as C.T.'s and T.T.'s testimony was also consistent.

Appellant states in his brief that "[a]ll of the girls told conflicting stories regarding the location, date, time of day and frequency that the alleged abuse occurred." Appellant cites no examples of where the alleged inconsistencies lie and we fail to see them in reviewing the record. Point three is denied.

Appellant's fourth point asserts plain error in that the trial court failed to declare a mistrial, *sua sponte*, after the State referred to Appellant in its opening argument as a "monster." Attorney for Appellant made no objection at the time the remark was made. However, the issue was raised in the Motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury, or in the Alternative for a New Trial.

The control of the scope and extent of an opening statement is in the trial judge. He has broad discretion. *State v. Fenton*, 499 S.W.2d 813, 815 (Mo.App.1973); *State v. Nelson*, 831 S.W.2d 665, 667 (Mo. App.1992). "As a general rule the opening statement 'should be brief and general, rather than detailed, and should be confined to statements based on facts which can be proved and should not include facts which are plainly inadmissible.'" *State v. Feger*, 340 S.W.2d 716, 724 (Mo.1960). However, a prosecutor can refer to a defendant as a bum if the facts of the case show that he was in fact, an indigent transient, *State v. Gartrell*, 171 Mo. 489, 71 S.W. 1045 (1903), brandish a butcher knife alleged to be defendant's, *State v. Luallen*, 654 S.W.2d 226, 228 (Mo.App. 1983), employ a degree of dramatics, *State v. Edmonds*, 347 S.W.2d 158 (Mo.1961).

Although generally speaking the use of the word "monster" in the context of an opening statement is erroneous, *State v. Hodges*, 586 S.W.2d 420, 427 (Mo.App.1979), it was not so prejudicial as to require reversal under plain error review. See Rule 30.20. *State v. Jimmerson*, 891 S.W.2d 470, 472 (Mo.App.1994). Relief is granted for plain error when there has been manifest injustice or miscarriage of justice. *Id.* Plain error is one that is evident, obvious and clear. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App. 1992). To show manifest injustice or a miscarriage of justice there must be apparent prejudice. *Jimmerson*, 891 S.W.2d at 472. The jury was instructed at the outset that the opening statements were not to be considered as evidence. Since no objection was made, the court's only alternative was to declare a mistrial, a drastic remedy which must be subject to the court's discretion. *State v. Allen*, 599 S.W.2d 782, 785 (Mo.App. 1980). *See also, State v. Camper*, 391 S.W.2d 926, 928 (Mo.1965). Additionally, as it turned out, during the course of trial, the evidence against Appellant was strong and

particularly heinous, detracting from the prejudicial effect of the "monster" remark. *See State v. Allen, supra* at 785. Therefore, in the context of all of the foregoing no manifest injustice resulted. Point denied.

The fifth point alleges trial court error in permitting a witness to testify to matters of hearsay. Additionally, Appellant claims that the testimony amounted to improper bolstering. This Point refers to the testimony of Melodine Huff, a Division of Family Services' employee, who testified that she conducted a videotaped interview of the three victims. She used anatomically correct dolls to determine the language the girls used to describe body parts.

■ The only ground for objection asserted at trial by defense counsel was hearsay. Likewise, the *only ground asserted in* the Motion for New Trial was hearsay. Yet, on appeal, Appellant claims error on the grounds of hearsay *and* impermissible bolstering. The ground of an objection on appeal is limited to that stated at trial. *State v. Sanders*, 903 S.W.2d 234, 240 (Mo.App.1995).

A point on appeal regarding admissibility of evidence must be based on the theory of the objection made at trial. That is, an accused is not permitted on appeal to broaden the objection he presented to the trial court; he may not rely on a theory different than the one offered at trial. Furthermore, as the . . . theory of error was not raised in Defendant's motion for new trial, it is not reviewable on appeal.

*State v. Dampier*, 862 S.W.2d 366, 376 (Mo. App.1993) (citations omitted).

■ The only case cited by Appellant in support of his fifth point is *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987). This case addresses impermissible bolstering, the alleged theory of error that was not preserved for review. Therefore, the only ground preserved for review is that of hearsay, in support of which Appellant cites no authority. Failure to cite relevant authority preserves nothing for review. *Seidel v. Gordon A. Gundaker Real Estate Co., Inc.*, 904 S.W.2d 357, 365 (Mo.App.1995); *State v. Higgins*, 852 S.W.2d 172, 175 (Mo.App.1993). It is Appellant's obligation to cite appropriate and available precedent. *Shiyr v. Pinckney*, 896 S.W.2d 69, 71 (Mo.App.1995). If no authority is available, there should be an explanation as to why none is available. *Id.* Where, as here, Appellant neither cites relevant authority nor explains why none is available, this Court may consider the point abandoned. *Id.* Point five is denied.

■ For the sixth point, Appellant asserts that the trial court erred in dismissing a juror for cause over defense counsel's objection. During voir dire, the following exchange took place between the prosecutor and Venireman Salts:

Prosecutor: As I told you earlier, the State's witnesses will be mostly children. Their ages now are 10, 13, and 14. Does anybody feel that a child's testimony would be suspect or that you would give less weight to a child's testimony just because of the child's age, the fact that they are a child? Yes, sir?

Venireman Salts: I think I do. Marvin Salts.

Prosecutor: And you feel that you couldn't weigh a child's testimony the same as anybody else just because they are a child?

Venireman Salts: I think so.

Prosecutor: Do you think that—that you wouldn't be able to give it the same weight as an adult? Is that it, sir?

Venireman Salts: Yes.

.     .     .     .     .

Prosecutor: Does anybody feel that they would not be able to convict the Defendant and send him to prison based on the testimony of a child? Yes, sir, Mr. Salts. And you'd have the same reason?

Venireman Salts: I would.

At the conclusion of the voir dire the State moved to disqualify Venireman Salts for cause. The court granted the motion over defendant's objection. Appellant claims that this was error in that Venireman Salts never directly indicated that he could not be fair and impartial. "No clear line can be drawn as to when a challenge for cause should or should not be sustained; each case must be judged on its particular facts." *State v.*

*Draper*, 675 S.W.2d 863, 865 (Mo. banc 1984). The trial judge is in the best position to assess a person's responses on voir dire. *State v. Williams*, 860 S.W.2d 7, 8 (Mo.App. 1993). The general rule is that a defendant is entitled to a full panel of qualified jurors before making peremptory challenges. *Id.* Errors in the exclusion of jurors should always be made on the side of caution. *Id.* Reversal is required only if the defendant has been prejudiced. *Id.* at 9. However, the state, no less than the defendant, is entitled to an impartial jury. *State v. Denmon*, 617 S.W.2d 132, 134 (Mo.App.1981). The defendant does not have a right to any particular juror. *Id.; State v. Blunk*, 860 S.W.2d 819, 821 (Mo.App.1993).

Defendant has failed to show how he was prejudiced and denied the right to a fair trial. After Salts was excused, a full panel of qualified jurors was tendered for peremptory challenges. "Submission of such a panel satisfies the requirement of due process." *Blunk*, 860 S.W.2d at 821 (citing *State v. Jones*, 749 S.W.2d 356, 360 (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 186, 102 L.Ed.2d 155 (1988)). Point six is denied.

For his seventh point, Appellant claims that the trial judge erred in failing to remove herself, *sua sponte*, after contact with one of the witnesses. During a recess, one of the witnesses ran up to the judge, gave her a hug and said, "I Love You." Immediately after the recess the following discussion was had on the record:

> The Court: We're back on the record at this time. Court took a short recess just then to advise counsel I was down in my probate office—and you all can question me about this whatever you need to— but I was down in my probate office signing papers when one of the witnesses, this [T.T.], came through and ran over and hugged me and said, "I love you"; and then I left the office and she left. And I don't—I wanted to tell counsel about this.
>
> It was totally unexpected to the Court. I did not know she was in there at that time. But I did want to advise the court—advise everyone here. It's not something that's ever happened to this Court before, so I didn't really know what else to do; but I did want to advise you of the circumstances.
>
> Defense: Does the Court feel it would have any effect on you—Should there be a conviction, you would be the sentencing judge. Do you feel that it would have any effect on you at that time, based on this contact in your office?
>
> The Court: I don't believe it's had any more—it had any influence on this Court at all. And I did want to be very upfront with you because it was totally unexpected to this Court. But I do not believe it would have any influence on me regarding sentencing. Of course, at this time I presume that Mr. George is innocent until this jury comes back with a verdict to the contrary. So I'm not anticipating, but I can understand your consideration about that. I see no problem with it. I realize I'm the Judge, which is an awkward situation; but I don't see that any more than I see, you know, occasionally knowing witnesses or something like that.
>
> Defense: I—Defense is satisfied with that explanation and has no further comment.
>
> The State: No further comment by the State. Thank you.

Rule 32.09(c) allows a judge to recuse himself or herself when "fundamental fairness so requires." There is a presumption that a judge will not preside at a trial in which he or she cannot be impartial. *State v. Cooper*, 811 S.W.2d 786, 791 (Mo.App.1991). "A judge's decision whether his or her own bias threatens the fundamental fairness of the proceedings is left to the court itself, and we will defer to that decision if there is no abuse of discretion." *Id.* The trial judge clearly stated that the encounter with the witness would in no way effect her ability to pronounce a sentence if a guilty verdict was returned by the jury. Furthermore, the defense attorney stated that he was satisfied with the explanation of the trial court and had no further comment. The court's comments and defense counsel's agreement dispelled any question of impropriety especially in light of the fact that there was no comment by either

side to the contrary. The trial court did not abuse its discretion. Point seven is denied.

The judgment in No. 19125 is affirmed.

#### No. 20066—Post-conviction Appeal

Appellant's eighth point avers:

The hearing court erred to the substantial prejudice of movant when it denied his request for an evidentiary hearing in his post-conviction action because Appellant alleged sufficient grounds to establish that his trial counsel's performance was deficient by professional standards and he was therefore prejudiced by denial of a fair trial and effective assistance of counsel. Appellant's motion contained detailed allegation of facts, not conclusions, that if true would entitle him to relief.

■ Rule 29.15 states that a person convicted of a felony after trial is entitled to seek relief by filing a Motion to Vacate, Set Aside or Correct the Judgment or Sentence. There are three grounds on which a defendant has the right to file this motion: 1) the sentence or conviction imposed violated the Constitution and the laws of the state or the Constitution of the United States, including claims of ineffective assistance of counsel; 2) the trial court was without jurisdiction to impose the sentence; or 3) the sentence imposed was in excess of the maximum sentence authorized by law.

■ To be entitled to an evidentiary hearing on the motion for post-conviction relief, the movant must: 1) allege facts, not conclusions, which, if true, would warrant relief, 2) these facts must raise matters not refuted by the record and files in the case, and 3) the matters complained of must have resulted in prejudice to the movant. *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993); *Jones v. State,* 829 S.W.2d 47, 48 (Mo.App. 1992).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show that his trial lawyer's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong

and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

■ The prejudice prong is not presumed upon a showing of deficient performance, but also must be affirmatively proved. Neither is prejudice proved by showing that a trial lawyer's errors could have affected the outcome of the proceedings, rather, there must be proof of a reasonable probability that the result would have been different but for the errors. *Sidebottom v. State,* 781 S.W.2d 791, 796 (Mo. banc 1989), *cert. denied* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). "If it is simpler to dispose of a claim of ineffectiveness on the ground of lack of sufficient prejudice, that course should be followed." *Id.* at 796. "There is no reason for a court ... to address both components of inquiry if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069; *State v. Howard,* 896 S.W.2d 471, 488 (Mo.App.1995); *State v. Johnson,* 841 S.W.2d 298, 301 (Mo.App.1992).

As to this appeal, the brief is unclear and is a rambling discussion of claims relating to ineffective assistance of counsel. The best that can be gleaned is that there are five grounds that Appellant cites in support of his claim of ineffective assistance of counsel. They are failure to: 1) call Joyce Turner, the mother of the victims, as a witness at trial; 2) impeach the three victims' testimony with prior inconsistent statements; 3) investigate previous allegations of sexual abuse made by the victims; 4) object to the prosecutor's use of the word "monster" in opening argument in reference to defendant; and 5) object to the mention of various uncharged bad acts. By briefing only those claims, he abandons all the other allegations of his motion. *State v. Young,* 882 S.W.2d 291, 293 (Mo.App.1994). We will address Appellant's claims in order.

■ First, Appellant claims that trial counsel was ineffective in failing to call Joyce Turner, the victims' mother, as a witness. In order to establish ineffective assistance of counsel in failing to call a witness, the movant must prove that 1) the witness could be located through reasonable investigation; 2)

that the witness would have testified if called; and 3) that the testimony of the witness would have presented a viable defense. *State v. Hodges,* 829 S.W.2d 604, 608 (Mo.App.1992). Appellant asserts in his motion that Ms. Turner wrote a letter to trial counsel indicating that she was willing to testify. that she had told her children on previous occasions to make allegations of sexual abuse against Donald Turner, Bob Carrol, and Ronald George, three men other than Appellant. The matter was not specifically addressed in the trial judge's Findings of Fact and Conclusions of Law.

"Generally, the presentation of witnesses by an attorney on behalf of his client is considered a matter of trial strategy." *Boyd,* 913 S.W.2d at 845. Counsel is given wide latitude in defending a client and Appellant must show that counsel's failure to call witnesses was something other than trial strategy. *Id.* However, the State agrees that the Motion does allege facts warranting relief as to the failure of trial counsel to call Joyce Turner. Appellant has pled sufficient facts which, if proved at an evidentiary hearing, would warrant relief for ineffective assistance of counsel for failure to call a witness. *See* analysis in *State v. Vinson,* 800 S.W.2d 444, 448–49 (Mo. banc 1990). This portion of the point is well-taken.

■ Appellant next claims that trial counsel was ineffective in failing to impeach the three victims' testimony with prior inconsistent statements made during depositions. In his motion he alleges that trial "counsel failed to use [T.T.]'s pre-trial deposition to impeach testimony by [A.T.]" Also, Appellant claims that "[T.T.]'s trial testimony and deposition also clearly refute [A.T.]'s trial testimony...."

Rule 25.13 governs the defendant's use of depositions at a criminal trial "so far as it is otherwise admissible under the rules of evidence...." What Appellant claims trial counsel should have done is to have used the deposition of T.T. to cross-examine A.T. This would be an improper use of the deposition at trial because none of the conditions contained in Rule 25.13 were met and T.T. was present and testified live. Claim is denied.

■ The third claim of trial counsel's ineffectiveness involves a failure to investigate previous allegations of sexual abuse by the three girls against other individuals. A review of the entire post-conviction relief motion reveals that the claim of failure to investigate does not appear anywhere in the motion. The section of the motion cited by Appellant in his Reply Brief as being applicable is the same section used to support the first claim, that counsel was ineffective for failing to call Joyce Turner as a witness. A claim not raised in the post-conviction relief motion is not reviewable on appeal. *State v. Twenter,* 818 S.W.2d 628, 641 (Mo. banc 1991). Claim is denied.

■ Fourth, Appellant claims trial counsel was ineffective in failing to object or request a mistrial when the State referred to the defendant in opening argument as a "monster." The remark was not so offensive as to have impaired Appellant's fundamental right to a fair trial. See discussion in direct appeal of Point Four. Therefore, trial counsel's failure to object did not rise to the level of prejudice required to declare counsel ineffective. Claim is denied.

■ Finally, Appellant asserts that trial counsel was ineffective in failing to object to the State's introduction of various other acts of uncharged sexual misconduct committed by defendant involving the victims in this case. "Generally, evidence of crimes and offenses, other than those for which a defendant is on trial, is inadmissible. However, exceptions to the rule regarding inadmissibility exist.... Evidence of a defendant's prior sexual abuse of the same victim is admissible under the motive exception." *State v. Barnard,* 820 S.W.2d 674, 677–78 (Mo.App.1991) (citations omitted). Such evidence will be admissible only if its probative value outweighs its prejudicial effect. *Id.* at 678.

The defendant in *Barnard* was convicted of sodomy and child abuse. Over defense objection, the victim testified to numerous incidents of sexual abuse, punishment and name-calling, other than the incidents for which defendant had been charged. Barnard

claimed that such evidence was irrelevant, immaterial and violative of his right to due process. "[O]ur courts have consistently recognized that prior uncharged acts of sexual misconduct between the defendant and victim indicate the defendant's sexual desire for that particular victim and tend to establish the defendant's *motive* for committing the charged crimes, i.e., satisfaction of sexual desire for the victim." *State v. Dudley,* 880 S.W.2d 580, 583 (Mo.App.1994); *Barnard* at 678.

It is likely that the trial court would have allowed the testimony of uncharged sexual conduct between Appellant and the victims herein. The acts in question involving sexual abuse of the victims were very closely related to those acts that were actually charged. Counsel's objections would have been unavailing. *See Brownlow v. State,* 818 S.W.2d 302, 304 (Mo.App.1991). Claim is denied.

The direct appeal is affirmed. The judgment denying the Rule 29.15 motion is reversed and the cause is remanded for an evidentiary hearing only on the issue of trial counsel's ineffectiveness in failing to call Joyce Turner, the mother of the victims herein, to testify.

MONTGOMERY, P.J., and GARRISON, J., concur.